UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MIGUEL NOLASCO                                    Case No.:
                       Plaintiff,
                                                       **COMPLAINT**

     -*against*-

THE CITY OF NEW YORK,                             JURY TRIAL DEMANDED
POLICE OFFICER MIGUEL SOTO,
*and* POLICE OFFICER FRANZ ZABALA

                                    Defendants.
------------------------------------------------------------------X

       Plaintiff, MIGUEL NOLASCO, by his attorney, Alexis G. Padilla, Esq., complaining of the defendants, the CITY OF NEW YORK, Police Officer MIGUEL SOTO, shield #24991 ("P.O. SOTO") and Police Officer FRANZ ZABALA, shield #8624 ("P.O. ZABALA") upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

       1.    This is a civil rights action in which the plaintiff, MIGUEL NOLASCO, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

       2.    This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that plaintiff resides within the Eastern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff is a United States citizen of full age residing in Kings County, New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the Defendant Police Officer.

7. Defendant Police Officer MIGUEL SOTO was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. SOTO acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in

conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8. Defendant Police Officer FRANZ ZABALA was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. ZABALA acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

9. On or about March 14, 2015 at approximately 1:30 A.M. in the vicinity of 10th Avenue and 214th Street in Manhattan, plaintiff exited a restaurant where he'd been dining with an associate.

10. As he exited plaintiff observed defendants P.O. SOTO and P.O. ZABALA in a marked police vehicle staring directly at him.

11. Plaintiff ignored the defendants and walked along with his associate to where his car was parked a short distance away.

12. As plaintiff started to drive away he heard a police siren and saw that defendants were signaling for him to pull over.

13. Plaintiff put his car back into a parked position and waited for the defendant officers to approach.

14. Defendant P.O. SOTO asked plaintiff for his license and registration and plaintiff provided both documents.

15. Defendant P.O. SOTO then asked plaintiff to exit his vehicle and submit to a breathalyzer test.

16. Plaintiff immediately agreed to submit to the breathalyzer test.

17. Defendant P.O. SOTO handed plaintiff the breathalyzer machine and instructed him to blow into it.

18. Plaintiff blew into the machine.

19. The machine read a blood/alcohol level below the legal limit.

20. Defendant P.O. SOTO then said that plaintiff didn't blow for long enough and instructed plaintiff to exhale into the machine for six seconds without stopping.

21. Plaintiff exhaled into the machine for six seconds without stopping and the machine read a blood alcohol level below the legal limit.

22. Defendant P.O. SOTO continued to insist that plaintiff was blowing into the machine incorrectly.

23. Defendant P.O. SOTO forced plaintiff to repeat the process several more times and each time the machine read a blood/alcohol level below the legal limit.

24. Despite no reading of a blood/alcohol level over the legal limit, defendant P.O. SOTO then placed plaintiff in handcuffs, put him in the backseat of the marked police vehicle and transported him to the 33rd precinct of the NYPD.

25. Plaintiff remained at the 33rd precinct for approximately six hours before being transferred to central booking at approximately 7:30 A.M. and charged with driving while under the influence of alcohol.

26. In a sworn criminal complaint and in his arrest report defendant P.O. SOTO falsely stated that he observed plaintiff driving while under the influence of alcohol and that plaintiff refused a breathalyzer test by his conduct.

27. Plaintiff was released from central booking on his own recognizance at approximately 5:00 P.M. after more than 38 hours of detention.

28. Over the course of the next eighteen months plaintiff would have to appear in court on eighteen separate occasions.

29. Plaintiff was also forced to appear before a Department of Motor Vehicles tribunal to determine whether he in fact refused to take a breathalyzer test, as defendant P.O. SOTO falsely stated in his arrest report. Defendant P.O. SOTO repeated his false statements regarding plaintiff's conduct at the refusal hearing and as a result plaintiff's license to operate a motor vehicle was revoked for one year.

30. However, on October 24, 2016, a bench trial was held before Judge Felicia A. Menin in the Criminal Court of New York County (Docket No. 2015NY016623). Both plaintiff and defendant testified and the result was an acquittal for the plaintiff. At trial, defendant P.O. SOTO repeated the same false testimony regarding plaintiff's conduct that he stated in the DMV hearing. Despite this false testimony, plaintiff was acquitted on all charges.

<u>**AS FOR A FIRST CAUSE OF ACTION**</u>
*DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983*

31. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

32. At all times during the events described above defendant P.O. SOTO lacked probable cause to arrest plaintiff.

33. At all times during the events described above defendant P.O. SOTO lacked probable cause to charge plaintiff with criminal conduct.

34. At all times during the events described above defendant P.O. ZABALA had a duty to intervene and put a stop to defendant P.O. SOTO's illegal detention and malicious prosecution of plaintiff but failed to do so.

35. All of the aforementioned acts of defendants were carried out under the color of state law.

36. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

37. The acts complained of were carried out by the defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

38. The acts complained of deprived plaintiff of his rights:

    A. To be free from false arrest;

    B. To be free from unwarranted and malicious criminal prosecution;

    C. To be free from deprivation of liberty without due process of law;

    D. To a fair trial; and

    E. To receive equal protection under the law.

## AS FOR A SECOND CAUSE OF ACTION

### *MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 AGAINST THE CITY OF NEW YORK*

39. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

40. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff, and is liable for the damages suffered by plaintiff as a result of the conduct of the defendant P.O. SOTO. The conduct of the defendant was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

41. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allow for police officers to make arrests and file criminal charges without probable cause and in flagrant violation of their sworn oaths to uphold the Constitution.

42. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage reckless misadventures of the sort described in this complaint.

43. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day of the incident in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

44. The wrongful polices, practices and customs complained of herein, demonstrate a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the

constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 04/10/2017
Brooklyn, NY

By:     */s/Alexis G. Padilla*
Alexis G. Padilla, Esq. [AP8285]
*Attorney for Plaintiff*
*Miguel Nolasco*
575 Decatur Street #3
Brooklyn, NY 11233
(917) 238-2993
alexpadilla722@gmail.com